# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| KEVIN LAMAR ROGERS,               )<br>                                                        )<br>                    Plaintiff,         )        Civil Action No. 3:05-2002-JFA-BM<br>                                                        )<br>v.                                                     )<br>                                                        )<br>PULLIAM MOTOR CO., DICK  )        **REPORT AND RECOMMENDATION**<br>SMITH AUTO, AND CHRIS      )<br>WHITLEY,                                    )<br>                                                        )<br>                                                        )<br>                    Defendants.   )<br>_____) | |

This action has been filed by the Plaintiff, pro se, claiming that the named Defendants engaged in a "conspiracy to defraud" him with regard to Plaintiff's purchase of a truck in 1999. While the jurisdictional basis for Plaintiff's complaint is not clear, in the text of his Complaint he complains about the finance charges he had to pay on the truck purchase. Plaintiff complains that his civil and constitutional rights were violated by the Defendants, and that he was also subjected to consumer fraud, presumably a claim under the Truth in Lending Act, 15 U.S.C. § 1601, et. seq..

The Defendant Chris Whitley filed a motion to dismiss pursuant to Rule 12, Fed.R.Civ.P., on September 27, 2006. As the Plaintiff is proceeding pro se, a Roseboro order was entered by the Court, advising Plaintiff of the importance of a dispositive motion, and of the need for him to file an adequate response. Plaintiff was specifically advised that if he failed to respond



adequately, the Defendant's motion might be granted. However, notwithstanding the specific warning and instructions as set forth in the Court's Roseboro order, Plaintiff failed to ever file any response to the Defendant's motion,[1] which is now before the Court for disposition.[2]

### Discussion

When considering a motion to dismiss pursuant to Rule 12(b), the Court is required to "accept the allegations in the complaint as true, and draw all reasonable factual inferences in favor of the Plaintiff. [The motion can be granted] only if no relief could be granted under any set of facts that could be proved." Southmark Prime Plus L.P. v. Falzone, 776 F.Supp. 888, 890 (D.Del. 1991); (quoting Turbe v. Government of Virgin Islands, 938 F.2d 427, 428 (3rd Cir. 1991)). Additionally, the Federal Court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case. See Cruz v. Beto, 405 U.S. 319 (1972); Haines v. Kerner, 404 U.S. 519 (1972). As the Plaintiff is proceeding pro se, his pleadings are considered pursuant to this liberal standard. However, even though summary dismissal of a case pursuant to Rule 12 is disfavored, Cardio-Medical Associates Ltd. V. Crozer-Chester Medical Center, 536 F.Supp. 1065, 1072 (E.D.Pa. 1982), the requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleadings to allege facts which set forth a Federal claim, nor can the Court assume the existence of a genuine issue of material fact where none exists. Weller v. Department of Social Services, 901 F.2d 387 (4th Cir. 1990).

---

[1] Plaintiff did file a request for a subpoena to be directed to Assistant United States Attorney Dean Eichelberger on October 24, 2006. This request was denied as being nonsensical.

[2] This case was automatically referred to the undersigned United States Magistrate Judge for all pretrial proceedings pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(e), D.S.C. The Defendant Whitley has filed a motion to dismiss. As this is a dispositive motion, this Report and Recommendation is entered for review by the Court.



Here, Defendant Whitley argues several grounds in his motion for dismissal of this case, and after careful review of the arguments presented, and in the absence of any response or contrary argument from the Plaintiff, the undersigned is constrained to agree that this case is subject to dismissal.

First, to the extent Plaintiff has intended to bring an action under the Truth in Lending Act, that Act has a one (1) year statute of limitations. 15 U.S.C. § 1640(e). It is clear from a plain reading of the text of Plaintiff's own Complaint that the financial transaction he is complaining about occurred in 1999, while his Complaint was not filed until 2005, well after the one year limitations period. Even if the statute is construed to have any cause of action begin to accrue on the date a borrower *learns* of a purported truth in lending violation, Plaintiff concedes in the text of his Complaint that he discovered the "problem" with his vehicle purchase and loan when he received the contract in the mail after his purchase, alleging that it was a "different contract [than] had [been] written out in [the dealership's] office....".

While the one year statute of limitations is, under some circumstances, subject to equitable tolling; see Ramadan v. Chase Manhattan Corporation, 156 F.3d 499 (3d Cir. 1998); Ellis v. General Motors Acceptance Corporation, 160 F.3d 703 (11th Cir. 1998); Plaintiff has presented no argument to the Court on which to base a ruling for equitable tolling in this case, nor does the text of his Complaint contain any such factual basis. Therefore, to the extent Plaintiff has intended to assert a Truth in Lending Act Claim in this case, it is subject to dismissal for having been filed outside of the applicable one year statute of limitations. Dean v. Pilgrim's Pride Corp., 395 F.3d 471, 473 (4th Cir. 2005) ["The raising of the statute of limitations as a bar to plaintiff's cause of action...may be raised by motion pursuant to Fed.R.Civ.P. 12(b)(6), if the time bar is apparent on



the face of the complaint"].

The Defendant also argues in his motion that Plaintiff's Complaint contains no basis for a civil rights and/or constitutional claim, and that since Plaintiff's truth in lending claim (to the extent one has been asserted) is subject to dismissal, there is as a result no basis for jurisdiction in this Court. The undersigned is again constrained to agree. A civil rights claim can be brought in this Court pursuant to 42 U.S.C. § 1983, which is the procedural mechanism through which Congress provided a private civil cause of action based on allegations of federal constitutional violations by persons acting under color of state law. See Jennings v. Davis, 476 F.2d 1271 (8th Cir. 1973). However, Plaintiff has not named any Defendant in this case who could be deemed to have acted "under color of state law", as each named Defendant is a private individual and/or entity, and private actors do not act under color of state law. See Gomez v. Toledo, 446 U.S. 635, 640 (1980) [in order to state a cause of action under § 1983, a plaintiff must allege that 1) the defendant deprived him or her of a federal right, and 2) did so under color of state law]. Purely private conduct, no matter how wrongful, injurious, or discriminatory, is not actionable under § 1983. See Lugar v. Edmundson Oil Co., 457 U.S. 922, 936 (1982); Burton v. Wilmington Parking Authority, 365 U.S. 715, 721 (1961). While a private individual can be found to have acted under color of state law if that individual was a willful participant in joint action with the State or with an agent of the State; see Dennis v. Sparks, 449 U.S. 24, 27-28 (1980); Plaintiff has set forth no facts or allegations to support such a finding in this case. Therefore, Plaintiff's claims pose no federal question, and cannot serve as a basis for federal jurisdiction.

## Conclusion

Based on the foregoing, it is recommended that the Defendant Whitley's motion be

4



**granted**, and that he be **dismissed** as a party Defendant in this case.

Further, even though the two remaining Defendants have not filed dispositive motions, and did not join in Whitley's motion, the same facts and analysis would apply to them as apply to Whitley. Therefore, Plaintiff is herein placed on notice that if, in response to this Report and Recommendation, he fails to present argument or evidence to this Court to show why these Defendants should not also be **dismissed**, these Defendants may also be **dismissed** as party Defendants. If the Court adopts this recommendation, Plaintiff's case will be **dismissed**, in toto.

The parties are referred to the Notice Page attached hereto.

_____
Bristow Marchant
United States Magistrate Judge

Columbia, South Carolina

March 14, 2007



5

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).

6

