IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

COLUMBIA DIVISION

| | |
|---|---|
| Kevin Lamar Rogers, ) | C/A No.  3:05-2002-JFA-BM |
| ) | |
| Plaintiff, ) | |
| v.  ) | **ORDER** |
| ) | |
| Pulliam Motor Co.; Dick Smith Auto; ) | |
| and Chris Whitley, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

This matter is before the court for review of the Magistrate Judge's Report and Recommendation.[1] The *pro se* plaintiff, Kevin Lamar Rogers, brings this action presumably under the Truth in Lending Act ("TILA"). The complaint alleges that the defendants engaged in a "conspiracy to defraud" plaintiff with regard to plaintiff's purchase of a truck in 1999 from Chris Whitley. The plaintiff also asserts general violations of his civil rights and constitutional rights. He seeks monetary damages in the amount of $31,660, as well as

---

[1] The Magistrate Judge's review is made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02. The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b)(1). Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district judge need not conduct a *de novo* review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

1

punitive and "exemplary" damages. Because the Magistrate Judge's Report sets forth the relevant facts, such will not be repeated herein.

Of the three named defendants,[2] only defendant Whitley has filed a motion to dismiss pursuant to Rule 12 of the Federal Rules of Civil Procedure. Because the plaintiff is proceeding *pro se*, the Magistrate Judge issued a *Roseboro* order[3] advising plaintiff of the importance of a dispositive motion and the need for him to file an adequate response. Plaintiff was specifically advised that if he failed to respond to the motion adequately, the defendant's motion might be granted. Plaintiff, however, failed to respond to the defendant's motion.

A motion to dismiss should be granted only when it appears that plaintiff can prove no set of facts in support of a claim that would entitle plaintiff to relief on that claim. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). In considering a motion to dismiss, the court must view the complaint in the light most favorable to plaintiff and resolve every doubt in plaintiff's favor. The plaintiff's allegations are to be taken as true for the purpose of ruling upon the motion. *Jenkins v. McKeithen*, 395 U.S. 411, 421-22 (1969). In addition, any inference reasonably drawn from the complaint must be considered together with plaintiff's allegations of fact. *Murray v. City of Milford,* 380 F.2d 468, 470 (2d Cir. 1967). However, the court may not consider conclusions of law or unwarranted deductions of fact. *Mylan Laboratories, Inc. v. Akzo*, N.V., 770 F. Supp. 1053, 1059 (D.Md. 1991). It is also well-

---

[2] The other two defendants, Pulliam Motor Company and Dick Smith Auto, have filed answers to the complaint.

[3] See *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975).

2

settled that a complaint cannot be amended by plaintiff's briefs in opposition to a motion to dismiss. *Id*. at 1068.

Defendant Whitley contends that the complaint should be dismissed because if the plaintiff is bringing this action under the Truth in Lending Act, that Act has a one-year statute of limitations. *See* 15 U.S.C. § 1640(e) (a TILA action may be brought within one year of the date of occurrence). As a result of the alleged fraudulent transaction occurring in 1999 and the plaintiff's filing of his complaint four years later in 2005,[4] defendant Whitley contends that because the action is barred by the statute of limitations, the plaintiff has failed to state a claim upon which relief can be granted and thus his complaint is subject to dismissal under Rule 12(b)(6). As the Magistrate Judge indicates in his Report and the undersigned agrees, plaintiff has presented no argument to the court which would make this action subject to equitable tolling.

Whitley also contends that the TILA only provides remedies against statutorily defined creditors. *See* 15 U.S.C.A. § 1640(a) (2006). Whitley was the salesman who arranged the automobile sale to the plaintiff in 1999. He was not a creditor as defined by the TILA and the statute provides no remedy for the plaintiff against Whitley in this regard.

In a detailed Report and Recommendation, the Magistrate Judge recommends that the complaint is subject to summary dismissal. As the Magistrate Judge correctly reasons, the

---

[4] The court will take judicial notice of a similar case filed by the plaintiff in this court on April 29, 2004. In that case, *Rogers v. Cast, Inc*., C/A No. 3:04-1268-BM-JFA, the plaintiff filed suit against Cast, Inc., d.b.a. Choice Rental Car Sales. That case involved the same set of facts surrounding the present law suit. The suit was dismissed because the plaintiff, Mr. Rogers, failed to bring the case into proper form as directed by the Magistrate Judge assigned to that action. In Civil Action No. 3:05-68-JFA-BM, the plaintiff filed a § 1983 action against Cast, Inc., and Chris Whitley again asserting the same facts and allegations as the present complaint.

plaintiff's complaint is barred by the statute of limitations as to the TILA claim, thus leaving no basis for jurisdiction in this court. Even if the plaintiff asserted a cause of action pursuant to 42 U.S.C. § 1983, such a claim would be unactionable because the defendants did not deprive plaintiff of a federal right or act under color of state law. *See Gomez v. Toldeo*, 446 U.S. 635, 640 (1980) (in order to state a cause of action under § 1983, a plaintiff must allege that 1) the defendant deprived him or her of a federal right; and 2) did so under color of state law). Purely private conduct is not actionable under § 1983. *See Lugar v. Edmundson Oil Co.*, 457 U.S. 922, 936 (1982).

As to the other two named defendants who have not filed a motion to dismiss, the Magistrate Judge opines that the same facts and analysis would apply to them as to defendant Whitley. As the plaintiff has failed to present any argument or evidence as to why defendants Pulliam Motor Company and Dick Smith Auto should not be dismissed, this court concurs with the Magistrate Judge's reasoning and dismisses these two defendants as well.

The plaintiff was advised of his right to file objections to the Report and Recommendation, which was entered on the docket on March 14, 2007. However, neither party has filed objections within the time limits set forth in the local rules of this district.

After carefully reviewing the applicable law, the record in this case, and the Report and Recommendation, the court agrees with the Magistrate Judge's recommendation and incorporates the Report herein by reference.

Accordingly, defendant Whitley's motion to dismiss is granted. Defendants Pulliam Motor Company and Dick Smith Auto are summarily dismissed and this matter is ended.

IT IS SO ORDERED.

April 30, 2007
Columbia, South Carolina

Joseph F. Anderson, Jr.
United States District Judge

5